IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CARL SIDNEY RACE,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. REES,<br><br>    Defendant. | CV-22-85-H-JTJ<br><br>ORDER |

Defendant Dr. Paul Rees has moved the Court to dismiss Plaintiff Carl Sidney Race's Amended Complaint for failure to state a claim, and to stay proceedings while the motion is under consideration. (Docs. 39 and 41.) Race has moved to compel. (Doc. 44.) Race's Amended Complaint will be dismissed.

**I.     BACKGROUND**

The Court ordered service of Race's original Complaint because, liberally construed, it plausibly alleged a denial of health care. Race claimed to need surgery on a cataract and without it, he is legally blind. (Doc. 1.) The Court requested waiver of service on four defendants, but only one appeared through Department of Corrections counsel, Defendant Rees. Rees filed a motion to dismiss that was denied on May 24, 2023. (Doc. 14.)

1

Race had paid his filing fee and therefore was not proceeding in forma pauperis; effecting service on the three remaining defendants was his obligation. He failed to serve them, and they were dismissed without prejudice in May, 2023. (Doc. 14.)

Race then moved to amend his complaint within the time set to do so in the Scheduling Order, over the objection of Defendants. Race's Amended Complaint names Rees, two of the three previously dismissed defendants, Dr. Thomas and Dr. Neumeister, and Dr. Nedrud, Cynthia Wolken, Connie Winner, Cindy McGillis-Hiner, Stephanie Pasha, James Salmonsen, and Jane and John Does. (Doc. 38 at 2 – 3; 38-1 at 1.) All defendants are related, more or less tangentially, to the provision of medical care to Race while he has been at Montana State Prison ("MSP").

Race's claim is that Defendants have exhibited deliberate indifference to his serious medical needs, which include the need for a special lens made for his right eye, maybe eye surgery, and the removal of a growth in his scrotum. (Doc. 38-1 at 3.)

## II.   MOTION TO DISMISS

Defendant Rees moves to dismiss Race's Amended Complaint under Fed. R. Civ. P. 12(b)(6), contending that it fails to state a claim against him. The motion

2

will be granted.

### A.     Standard

A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court must accept as true the plaintiff's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). However, the Court must liberally construe a pro se filing. *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) ("We construe pro se complaints liberally and afford the petitioner the benefit of any doubt.")

### B. Analysis

Rees identifies the only factual allegations against him in Race's Amended Complaint as: Dr. Rees "has the final authority at [MSP] regarding clinical issues,"

Doc. 38-1 at 2 ¶ II(D)(1) and 4 ¶ IV(D); Dr. Rees "has a duty to make sure inmates are not denied the treatment of serious medical needs," Doc. 38-1 at 4 ¶ IV(D); and Dr. Rees "has been on notice for years that Race wished to have the necessary surgery and special lens made," Doc. 38-1 at 4 ¶ IV(D).

Lack of medical care in a prison context may give rise to an Eighth Amendment claim. A prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs," to sufficiently state a §1983 claim for failure to provide medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986). "[U]nnecessary and wanton infliction of pain" is the sine qua non of an Eighth Amendment violation. *Edmo v. Corizon, Inc.*, 949 F.3d 489, 494 (9th Cir. 2020) (citing *Estelle*, 429 U.S. at 104.)

The Ninth Circuit employs a two-prong test for deliberate indifference to medical needs. A plaintiff first must show "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). A plaintiff then must show "the defendant's response to the need was deliberately indifferent." *Id.*

4

Deliberate indifference is a "high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and requires a showing of "a purposeful act or failure to respond to a prisoner's pain or possible medical need and . . . harm caused by the indifference." *Wilhelm,* 680 F.3d at1122. Such indifference may manifest in two ways. "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104-05). A showing of medical malpractice, negligence, or even gross negligence is insufficient to establish a constitutional violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,104 - 5 (1976). A difference of opinion is also insufficient, as a matter of law, to establish deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Rees argues, correctly, that defendants in § 1983 matters may only be found liable if they "played an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). (Doc. 10 at 3.) In an individual capacity claim, Race "must allege facts, not simply conclusions, that show that an individual was involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154

5

(1990). The Court previously specified for Race that he needed to allege actions that would show each defendant's actual involvement in a violation of his rights, not just claim someone had authority, had a duty, or was on notice. (Doc. 37 at 2 – 3.)

Race responds to Rees' motion with an emphasis on discovery, claiming that if he had more of his medical records, he would have been able to allege more facts. (Doc. 45.) But medical facts or specific dates are not required. Race has not alleged one interaction he had with Rees, one appointment, one discussion, one denial, or anything to show any personal involvement in Race's care, especially within the three-year statute of limitations that governs Race's claim. Race has failed to allege facts that plausibly state a claim that Dr. Rees was personally involved in any denial or delay of medical care to Race.

### C. Remaining Defendants

The Court will screen the remainder of Race's Amended Complaint pursuant to its obligations under 28 U.S.C. § 1915, to determine whether it should be served on any of the other defendants. This matter is now in the awkward position of having only one Defendant who has appeared, yet it is clear from the face of the Complaint that it fails to state a claim against at least some of the other defendants, for the same reasons as explained above regarding Rees.

Race's Amended Complaint is less clear than his original Complaint because it details the roles of all the Defendants and applies labels to their actions, and yet does not detail a single interaction with any defendant. Interestingly, Race's Amended Complaint mentions nothing of the cataract that he claimed in his first. Instead, he focuses on the injury and loss of lens in his right eye that occurred before his incarceration. (Doc. 38 at 6.) His claim regarding his scrotum states that he has twice had surgery on a growth, several years apart, but he does not allege that the growth has returned or that he currently requires medical attention. (Doc. 38-1 at 3.)

1. Dr. Thomas

Dr. Thomas is identified as an optometrist contracted to the Montana DOC. (Doc. 38 at 2; 38-1 at 2.) The only allegation about Dr. Thomas's conduct is that he has "denied a referral to see an eye surgeon, in particular, Dr. Nedrud…" (Doc. 38-1 at 4.) This allegation has no date associated with it, though Race's Amended Complaint alleges these claims stretch back to 1996. Nor does this allegation state a claim for deliberate indifference; without more, failure to refer to an eye surgeon does not exhibit deliberate indifference. Nor, in tandem with Race's later assertion that he did, in fact, see Dr. Nedrud, is it clear that this is factually correct.

2. Dr. Neumeister

7

Race's allegations against Neumeister are similar to his allegations against Race: "delayed and/or denied referral to an eye surgeon." (Doc. 38-1 at 5.) There is no timeframe or specificity associated with this claim against Dr. Neumeister, such that he would be on notice of what he did, when. Race fails to state a claim against Dr. Neumeister.

3. Dr. Nedrud

Race had an appointment with Dr. Nedrud, a private eye surgeon, in December, 2022. (Doc. 38-1 at 5.) Dr. Nedrud prescribed Race some medication, though Race believes he never received it. Dr. Nedrud did not discuss Race's diagnosis or prognosis with him. *Id.*

Dr. Nedrud is not a state actor and cannot be sued under 42 U.S.C. § 1983. Generally, private doctors and hospitals are not considered to be state actors. *Briley v. State of Cal.*, 564 F.2d 849, 855–56 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section" and collecting authority). The Ninth Circuit has used several tests to determine "whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Rimac v. Duncan*, 319 Fed. Appx. 535, 537 (9th Cir.

8

2009). Under none of these constructions can private medical professionals, working at a private hospital open to all comers, be considered state actors, just because they treat an inmate. "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "The party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Id.*

Second, medical malpractice is not a proper ground for a § 1983 claim. Race's claims against Nedrud are that he prescribed some medicine and did not discuss Race's prognosis. That sounds like treatment of a sort. A constitutional claim for denial of medical care requires more. "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the *defendants chose this course in conscious disregard* of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted) (emphasis added). Race fails to state a claim against Dr. Nedrud.

4. Cynthia Wolken

Race's allegations against Wolken are that, as Department Director for the

DOC, she had duties related to the treatment of Race. In particular, she would have seen his grievances about his care and "was in a position to resolve the complaints of non-treatment." (Doc. 38-1 at 5.) These allegations are insufficient to state a claim for deliberate indifference on the part of Wolken. Wolken is not a medical professional. She had no capacity or authority to direct medical care. If Race grieved that he wanted eye surgery, she would have no grounds to question her medical colleague's assessment. Race must allege facts that show she knew he had a serious medical need and she acted with deliberate indifference.

   5. Connie Winner

Winner is Clinic Services Administrator. Race alleges nothing further against her, other than labels of denial of constitutional rights and failure to follow policy.

   6. Cindy McGillis-Hiner

McGillis-Hiner is Clinical Services Bureau Chief, and Race's allegations against her are among the more detailed. She denied his grievances to see a surgeon, though she did refer him to appointments (with some unnamed provider, apparently repeatedly.) (Doc. 38-1 at 6.) On October 22, 2021, McGillis-Hiner stated to Race that "surgical intervention has not been recommended at this point." Race considers this a violation of his rights because she did not refer him to a

surgeon to make this determination. If surgical intervention was not recommended, McGillis-Hiner does not appear to exhibit deliberate indifference in failing to refer Race to a surgeon. (And Race was subsequently referred to the surgeon, Dr. Nedrud, who did not, in fact, recommend surgery.) Race must state facts that show McGillis-Hiner had reason to know the recommendation against referral was deliberately indifferent to his medical need.

   7.  Stephanie Pasha

Pasha is a registered nurse at MSP and a member of the medical review panel. (Doc. 38-1 at 6.) She has also delayed referral to specialists, both for his eye and his scrotum. Race provides no more detail than that, asserting that these delays violated his constitutional rights.

   8.  James Salmonsen

Salmonsen is warden at MSP and denied a September 9, 2021 grievance regarding Race's medical care. (Doc. 38-1 at 6.) Race alleges nothing more specific about Salmonsen's involvement in his medical care. This single allegation of denial a grievance fails to state a claim against Salmonsen.

**III. CONCLUSION**

Race has alleged that he has an eye problem that requires surgery, and that he previously had a growth on his scrotum. These may be serious medical needs;

11

Race alleges that they are. However, Race has failed to allege any specific set of facts that show any individual was deliberately indifferent to his needs. His lengthy Amended Complaint uses conclusory labels and allegations of constitutional violations but fails to allege facts that state a plausible claim for relief. As such, Race's Amended Complaint will be dismissed.

Defendant Rees' Motion to stay proceedings (Doc. 41) and Race's Motion to compel (Doc. 43) are both denied as moot.

Accordingly, the Court enters the following:

## ORDER

1. Defendant Rees' Motion to Dismiss is GRANTED. (Doc. 39.) All other pending motions are DENIED as moot.

2. The Clerk of Court is directed to close this case and enter judgment pursuant to Fed. R. Civ. P. 58.

DATED this 18th day of December, 2023.

_____
John Johnston
United States Magistrate Judge